McCORD, Judge.
This is an appeal from a summary judgment entered in favor of appellee (defendant). The file shows that appellants (plaintiffs), who lived in Miami, in response to a newspaper advertisement, contacted Mrs. Retha Taylor (an agent of ap-pellee) concerning the purchase of certain real estate. The property was owned by Charles R. Klein and his daughter, Mrs. J. D. McKinney, and was the home of Klein. Mrs. Taylor showed the property to appellant and through appellee’s efforts, appellants and Klein and his daughter entered into a purchase and sale contract — all parties signing before August 21, 1972. Appellants deposited a total of $1,100 with ap-pellee and subsequently had difficulty arranging their financing but finally worked the matter out and notified Mrs. Taylor that they were coming to Gainesville on November 2, 1972. Appellants arrived on that date and they and Mrs. Taylor went out to Klein’s residence but were unable to locate him and ultimately determined from his daughter that she and her father had decided not to go through with the sale. Appellants brought suit against Klein and his daughter for breach of contract and that suit was dismissed after two amended complaints were filed. Appellants then filed a third amended complaint against appellee for breach of a fiduciary duty and summary judgment was entered against appellants. Subsequently, the $1,100 deposit was returned to appellants.
Appellants contend that appellee, through its agent, Mrs. Taylor, was negligent in the handling of the real estate transaction; that appellee breached its fiduciary duty by not keeping the parties informed as to the material facts pertaining to the transaction ; that appellee should have been aware of the problems arising in the transaction and notified the parties.
We have examined the file and read the affidavits and depositions which were before the court on motion for summary judgment and have been unable to determine that there is any reasonable inference that the transaction was not consummated because of a breach of duty or negligence on the part of appellee. It does appear that appellee did not set up an appointment with Klein prior to appellants making the trip from Miami to Gainesville for the closing, but Klein and his daughter were in Gainesville at the time and when contacted, it developed that they had changed their minds and had determined not to sell. There is no evidence or reasonable inference of a causal connection between their failure to complete the. transaction and any negligence or breach of duty on the part of appellee. We find no issue of material fact.
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.